IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MELVIN PERKINS, #43166**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 5:20-cv-194-DCB-MTP**

**DR. J. BURKE, ET AL.**  **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with the Court's orders. For the reasons set forth herein, the undersigned recommends that this matter be dismissed without prejudice.

On October 15, 2020, Plaintiff filed his Complaint [1] pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights while he was detained at Wilkinson County Correctional Facility ("WCCF"). The Court conducted a *Spears* hearing,[1] where Plaintiff was permitted to clarify his claims. An Omnibus Order [140] entered on September 21, 2021, summarizes Plaintiff's remaining claims.

During the *Spears* hearing, the Court set deadlines in this matter and directed dispositive motions to be filed by December 15, 2021. *See* [140] at 4. On December 14, 2021, Defendants Ellishia Cameron, Kelly Jenkins, Tynisha Jones, and Dorothy Turner moved for summary judgment alleging that Plaintiff failed to exhaust his administrative remedies prior to filing his complaint. *See* [148]. On December 15, 2021, Defendant Dr. James Burke also moved for summary judgment against Plaintiff.[2] *See* Motion [150]. Plaintiff's responses to the Motions for

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] At the *Spears* hearing, Plaintiff the "Unknown Warden of Security" as a Craig Coil. *See* Order [140] at 1 n. 1. Craig Coil no longer works at WCCF and remains unserved.

Summary Judgment [148] [150] were due on or before December 28, 2021, and December 29, 2021, respectively.

On January 10, 2022, the Court directed Plaintiff to respond to the Motions for Summary Judgment [148] [150] on or before January 24, 2022. To date Plaintiff has not filed responses and the time to do so has expired.

On January 3, 2022, the Court received a Mail Return [154] from WCCF, indicating that Plaintiff was "no longer housed" at the facility. Plaintiff's address of record still indicates that he is being housed at WCCF, but the records of the Mississippi Department of Corrections indicate that Plaintiff has been released.[3] On February 8, 2022, the Court entered an Order to Show Cause [160], directing that "[o]n or before February 21, 2022, Plaintiff shall show cause why this action should not be dismissed for failure to comply with the Court's orders." The Court warned Plaintiff that his failure to respond to the Order [160] may result in this action being dismissed without further notice. Plaintiff failed to respond to the order. Plaintiff has not filed anything of record with the Court since November 4, 2021, and his mail is being returned to the Court. *See* Motion [147]; Mail Return [154] [161] [162].

Plaintiff has a duty to advise the Court of his current address. In numerous orders, the Court informed Plaintiff that his failure to advise this Court of his current address will be deemed a purposeful delay and contumacious act by the Plaintiff and may result in this case being dismissed *sua sponte*, without prejudice, and without further written notice. *See* Orders [9] [13] [31] [85] [140] [160].

---

[3] *See* Mississippi Department of Corrections, Inmate Search, https://www.ms.gov/mdoc/inmate/Search/GetDetails/43166, last visited Mar. 9, 2022; *see also* Order [157].

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

Over four months have elapsed since Plaintiff's last filing in this matter, and almost three months have expired since the Defendants moved for summary judgment. Though it appears that Plaintiff has been released from confinement, by not providing the Court with his current address he has prevented the Court from communicating with him and moving this case towards resolution. Plaintiff has, therefore, failed to diligently prosecute this matter, and this case should be dismissed for want of prosecution and failure to comply with the orders of the Court.

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing

party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 10th day of March, 2022.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE